Dear Mr. Daley:
You have requested an opinion of this office concerning whether Mr. Charles Julien, a current St. John the Baptist Parish Councilman, is qualified to seek re-election to his current position or whether La.Constitutional Article I, section 10 disqualifies him as a potential candidate.
You note that on January 11, 1993, Mr. Julien pled guilty to a violation of La.R.S. 40:967(C), knowing and intentional possession a Schedule II controlled Dangerous Substance; and received a sentence of five (5) years in the Department of Corrections, with the sentence suspended and Mr. Julien being placed on five (5) years probation; the first three (3) years being active probation and the final two years being inactive. Subsequently, his original sentence was extended to five (5) years active probation
Article I, Section 10 of the Constitution of the State of Louisiana of 1974 reads in pertinent part:
 (B) Disqualification. The following persons shall not be permitted to qualify as a candidate for elective public office or take public elective office or appointment of honor, trust, or profit in this state:
 (1) A person who has been convicted within this state of a felony and who has exhausted all legal remedies, or who has been convicted under the laws of any other state or of the United States *Page 2 
or of any foreign government or country of a crime which, if committed in this state, would be a felony and who has exhausted all legal remedies and has not afterwards been pardoned either by the governor of this state or by the officer of the state, nation, government or country having such authority to pardon in the place where the person was convicted and sentenced.
 (2) A person actually under an order of imprisonment for conviction of a felony.
 (C) Exception. Notwithstanding the provisions of Paragraph (B) of this Section, a person who desires to qualify as a candidate for or hold an elective office, who has been convicted of a felony and who has served his sentence, but has not been pardoned for such felony, shall be permitted to qualify as a candidate for or hold such office if the date of his qualifying for such office is more than fifteen years after the date of the completion of his original sentence.
Mr. Julien was convicted of a felony and served his sentence, but he can only qualify for office if more than fifteen (15) have passed since his original sentence which began on January 11, 1993. Mr. Julien was sentenced to five (5) years in the Department of Corrections, so he was "actually under an order of imprisonment for conviction of a felony" as defined by Const. Art. I, sec. 10 (B)(2). The completion of Mr. Julien's original sentence would be January 11, 1998. Fifteen (15) years from January 11, 1998 would be January 11, 2013. Therefore, Mr. Julien cannot qualify to run for elective office until after January 11, 2013.
In conclusion, Mr. Julien pled guilty to a felony charge on January 11, 1993, for which he was sentenced to five (5) years. Five years from January 11, 1993 would be January 11, 1998 and fifteen (15) years from the completion of that original sentence would be January 11, 2013, therefore he would not be eligible to qualify to run for elective office in 2011.
Should Mr. Julien attempt to qualify for elective office prior to January 11, 2013, his candidacy may be challenged in accordance with La.R.S. 18:491, et seq., and La.R.S. 18:1405. *Page 3 
We trust this satisfactorily answers your questions. Please feel free to contact our office should you have any additional concerns.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 By:________________________ WILLIAM P. BRYAN, III Assistant Attorney General
 JDC/WPB, III/jv